J-S47012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEONTA OLANDA WILLIAMS, | |
| Appellant | No. 170 MDA 2015 |

Appeal from the Judgment of Sentence entered September 3, 2014,
in the Court of Common Pleas of Franklin County,
Criminal Division, at No(s): CP-28-CR-0001411-2013

BEFORE:  ALLEN, OTT and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                           **FILED JULY 29, 2015**

Deonta Olanda Williams ("Appellant") appeals from the judgment of sentence imposed after a jury convicted him of robbery, conspiracy to commit robbery, and theft.[1]  We affirm.

The trial court recounted the factual background as follows:

> [Appellant's] charges arose out of events that transpired on April 13, 2014, at the Sunoco gas station in Greencastle, Pennsylvania.  The victims, Michele Meadows and Alice Watkins, were working together at the Sunoco gas station as clerks at or around 9:15 or 9:30.  At that time, three men entered the store, two of which had bandanas over their faces.  The first man, [Appellant], jumped over the counter and pointed a gun at the victims.  Various witnesses testified at trial that the gun was actually a BB gun.  [Appellant] then threatened to kill the clerks if they did not open the safe.  While this was occurring, the second suspect, John Zawierucha, walked around the counter

---

[1] 18 Pa.C.S. §§ 3701, 903, and 3921.

*Retired Senior Judge assigned to the Superior Court.

and began putting money and Newport cigarettes inside a pink and gray duffel bag. The third suspect, Trevon Walker, then took the clerks to another part of the store and told them to relax and that everything would be over shortly. The three suspects eventually fled with the cash and cigarettes. The victims subsequently called the police to report the robbery.

Follow[ing] their departure from the gas station, the three suspects were picked up by two young women in a black Honda Civic. The two young women were later identified as Tiffani Robey and Brittany Johnson. The black Honda Civic was initially followed by two witnesses, Richard Rhodes and Lori Harbaugh, who testified they had earlier noticed the two young women parked in a suspicious location in relation to the Sunoco gas station. (N.T. 8/4/2014 p. 107). Mr. Rhodes testified that upon seeing the three male suspects running towards the car, one with a duffel bag in hand, he suspected a potential robbery and followed the suspects at a high rate of speed. *Id*. at 88. Although the suspects eventually lost Mr. Rhodes and Ms. Harbaugh, they were able to get a tag number of the black Honda Civic and conveyed it to police. *Id*. at 89.

Trooper Paul Decker testified that he assisted Trooper Dave Rush in investigating this incident and met with Mr. Rhodes and administered him a photo lineup. *Id*. at 111-112. Mr. Rhodes was able to identify one of the two females in the car, Tiffani Robey. *Id*. at 115. Tiffani Robey and Brittany Johnson were later arrested and spoke with police a total of three (3) times. Both women testified at trial that they fabricated an original story implicating three other men, names they both made up. (N.T. 8/5/2014 p. at 20, 47-48). None of the names provided was that of the [Appellant], John Zawierucha, or Trevon Walker. Eventually, both women testified they decided to accept responsibility and as a result turned the real culprits in. *Id*. at 20, 49. Both told police they had driven [Appellant], John Zawierucha, and Trevon Walker to the Sunoco in order to commit the robbery and then picked up the men and proceeded to flee the scene. The women testified that they subsequently drove to a Red Roof Inn in Germantown, Maryland, where the five (5) individuals distributed the cash and cigarettes. *Id*. at 17, 46. Trevon Walker also testified at trial that [Appellant] participated in the robbery and was the suspect identified as carrying the BB gun. (N.T. 8/4/2014 p. 119-39).

- 2 -

[Appellant] attempted to offer an alibi defense at trial and called Samantha Deneen, his girlfriend at the time of the incident, as a witness. Ms. Deneen testified that on the night of the robbery [Appellant] was with her at her home in Hagerstown, Maryland, eating dinner and watching movies all night. She testified that [Appellant] never left the residence. Thus, the crux of [Appellant's] alibi defense was that he could not possibly have participated in the robbery because he was nowhere near the Greencastle Sunoco gas station on the night in question. Ultimately, the jury found this testimony unconvincing and convicted him on the aforementioned counts.

Trial Court Opinion, 12/19/14, at 1-3.

On September 3, 2014, the trial court sentenced Appellant to 66 to 132 months for robbery and a consecutive 42 to 84 months for conspiracy; the theft conviction merged.

Appellant filed a post-sentence motion on September 12, 2014, which the trial court denied on December 19, 2014. Appellant appealed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925(b).

On appeal, Appellant presents two issues as one:

1. [Appellant] hereby appeals to the Superior Court of Pennsylvania, from the denial of post sentence motions, which were entered in this matter on December 19, 2014, challenging weight and sufficiency of the evidence.

Appellant's Brief at 8.

In arguing that the evidence was insufficient to support his convictions, Appellant asserts that "the only evidence tying Appellant to the incident are three co-defendants who had every reason to say what the Commonwealth wanted because they were receiving incredibly lenient sentences." Appellant's Brief at 10. Appellant contends that "there were no

other witnesses that could identify Appellant at the scene of the incident …

and no articles from the robbery were found on the Appellant when he was

taken into custody." *Id*.  Appellant states:

> Here the fact that the co-defendants had inconsistent statement [sic] even testified that they were doing what they needed to do to get the benefits of their bargain makes their credibility dubious at best.  As their testimony was the only evidence linking the Appellant to the scene and the Commonwealth not being able to refute the alibi except for the testimony of the co-defendants.  [sic]

Appellant's Brief at 15.

Appellant's sufficiency argument is belied by the record.  After

reviewing the notes of testimony, we have determined that The Honorable

Carol L. Van Horn, sitting as the trial court, has capably, comprehensively

and accurately addressed every facet of Appellant's sufficiency argument,

such that further commentary by this Court would be redundant.  *See* Trial

Court Opinion, 12/19/14, at 3 – 8.  We therefore adopt the trial court's

analysis as our own in disposing of this issue.

We are equally unpersuaded by Appellant's argument regarding the

weight of the evidence.  Appellant asserts:

> The very nature of the testimony which the Appellant avers was unbelievable on its face and therefore as a matter of law, the conviction was so unreasonable that i[t] did in fact shock the conscience.  [sic]

Appellant's Brief at 18.  We disagree.

Again, the trial court properly applied the law, recognizing, *inter alia*, that a verdict is against the weight of the evidence only where it is "so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative." Trial Court Opinion, 12/19/14, at 8, *citing* **Commonwealth v. Hudson**, 955 A.2d 1031, 1035 (Pa. Super. 2008). The trial court observed that "the jury's credibility determinations were quite understandable in this case." **Id**. Our review of the notes of testimony once again supports the trial court, which recognized the province of the jury as fact-finder. **Id**. at 8-9. We may not re-weigh the testimony adduced at trial. **See Commonwealth v. Hawkins,** 701 A.2d 492, 501 (Pa. 1997) (the credibility of witnesses is "solely for the [fact finder] to determine"); **see also Commonwealth v. Dougherty,** 860 A.2d 31, 36 (Pa. Super. 2004) (citations omitted) ("This Court cannot substitute its judgment for that of the [fact finder] on issues of credibility."). Moreover, "[i]t is the function of the [fact finder] to evaluate evidence adduced at trial to reach a determination as to the facts, and where the verdict is based on substantial, if conflicting evidence, it is conclusive on appeal." **Commonwealth v. Reynolds,** 835 A.2d 720, 726 (Pa. Super. 2003) (citation omitted). Given the foregoing, we find no merit to Appellant's weight claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/29/2015